UNITED STATES DISTRICT COURT FOR THIS
EASTERN DISTRICT OF PENNSYLVANIA

DYNASTY VENTURES LLC :
:
vs. : Civil Action No.: 2:19-cv-01826
:
STATE FARM FIRE AND :
CASUALTY COMPANY :

**ANSWER OF DEFENDANT, STATE FARM FIRE AND CASUALTY COMPANY, TO COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys, Bennett, Bricklin and Saltzburg LLC, hereby answers plaintiff's complaint and, in support thereof, avers as follows:

1. Denied only insofar as, after reasonable investigation, the means of proof are within the exclusive control of parties other than answering defendant which therefore demands strict proof of these allegations.

2. Admitted in part; denied in part. It is admitted that State Farm is a corporation organized and existing under the laws of the State of Illinois and authorized to do business in Pennsylvania. It is denied that State Farm "regularly issues policies" in Philadelphia since defendant is not certain what is meant by these allegations and, if relevant, demands strict proof of same.

3. Admitted to the extent that State Farm did issue a Rental Dwelling Policy to the insured, Dynasty Ventures LLC, Policy No. 98-C9-L478-7 for the property located at the address in the complaint. A true and correct copy of the certified Rental Dwelling Policy in effect at the time of the loss is attached as Exhibit "A".

4. Admitted in part and denied in part. It is admitted only that the subject insurance policy identified herein was in effect on March 28, 2018, and it is a document which speaks for

itself and any attempt to characterize same is denied. By way of further answer, after reasonable investigation defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the complaint, and they are therefore denied.

5. Admitted in part; denied in part. Answering defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth and accuracy of these allegations as the means of proof are within the exclusive control of parties other than the defendant. Strict proof of all allegations is demanded and same are denied. It is admitted that plaintiff did provide notice of the claim on the date that the loss occurred.

6. Denied. It is denied that State Farm has acted without justification or cause in denying plaintiff's claim and, to the contrary, the claim has not been denied. Further, State Farm performed an extensive investigation of the claim, in response to a concern that there was no "accidental direct physical loss" as required under the policy, pursuant to a Reservation of Rights. (See Exhibit "B", letter of May 17, 2018.)

7. Denied. Answering defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations set forth in this paragraph as the means of proof are within the exclusive control of parties other than the defendant. Strict proof of all allegations is demanded and same are denied.

## COUNT I – BREACH OF CONTRACT

8. Defendant incorporates by reference its responses to Paragraphs 1 through 7, inclusive, of plaintiff's complaint as though the same was set forth fully herein.

9. Insofar as the contract is a document which speaks for itself, any attempt to interpret or characterize same is denied. To the extent that this requires further response, defendant avers

that it has acted in accordance with the terms of the insurance contract at all relevant times and demands strict proof of all allegations to the contrary.

10. Denied in that, after reasonable investigation, the means of proof are within the control of parties other than answering defendant who is therefore unable to form a belief as to the truth and accuracy of the allegations. Strict proof is demanded.

11. Denied in that State Farm has not denied this claim. To the contrary, investigation and the adjustment of the claim are ongoing pursuant to a Reservation of Rights. All allegations to the contrary are denied and deemed at issue. (See Exhibit “B”.)

12. Denied in that State Farm has not denied the claim nor has it refused to indemnify plaintiff. To the contrary, State Farm continues to investigate and adjust the claim pursuant to a Reservation of Rights. (Exhibit “B”.)

WHEREFORE, Defendant, State Farm Fire and Casualty Company, asks that judgment be entered in its favor and against Plaintiff on Count I of the complaint.

**COUNT II- BAD FAITH**

13. Defendant incorporates by reference its responses to Paragraphs 1 through 12, inclusive, of plaintiff’s complaint as though the same was set forth fully herein.

14. Denied. On the contrary, at all times defendant has investigated and adjusted plaintiff’s loss in a fair manner and in good faith, in compliance with the terms of the policy. All allegations to the contrary are denied and deemed at issue.

15. Denied. All allegations are denied and deemed at issue with strict proof demanded. Further, by virtue of plaintiff’s failure to identify the alleged agents, servants, workmen and employees it is unable to form a belief as to the truth and accuracy of the allegations in this paragraph. Defendant further denies the subparagraphs of paragraph 15 as follows:

a.      Denied. State Farm has not misrepresented any fact regarding the loss or damage and, further, has acted promptly, reasonably, and with full regard for the terms of the policies and the parties to it;

b.      Denied. State Farm immediately and thoroughly investigated the loss pursuant to a Reservation of Rights (See Exhibit 'B'). All allegations to the contrary are denied and deemed at issue;

c.      Denied and, to the contrary, the issue of coverage must be resolved before there is an obligation to make a payment on any claim. State Farm has acted promptly and reasonable at all times and strict proof of all allegations to the contrary is demanded;

d.      Denied and, to the contrary, State Farm has and continues to fairly, objectively, and properly investigate and evaluate this claim.  Strict proof of all allegations is demanded.

e.      Denied and, to the contrary, State Farm performed a prompt, thorough, fair and reasonable investigation of plaintiff's claim. The investigation included, but was not limited to, Examinations Under Oath, securing of necessary records from police and fire departments, phone records and credit check, and retention of the services and eventual report of an Origin and Cause expert. Any delays were not caused by State Farm or its representatives and allegations to the contrary are denied;

f.      Denied and to the contrary, State Farm continues to investigate and adjust the loss. Strict proof of all allegations is demanded.

g.      Denied and, to the contrary, State Farm performed a  prompt, thorough, fair and reasonable investigation into the claim subject to a reservation of rights. Strict proof of all allegations is demanded.

h.      Denied and, to the contrary, State Farm performed a prompt, thorough, fair and reasonable investigation into the claim. State Farm's actions were grounded in fact and were neither frivolous nor baseless. Strict proof of all allegations is demanded.

i.      Denied and, to the contrary, State Farm performed a prompt, thorough, fair and reasonable investigation into the claim. State Farm's actions were grounded in fact and were objective and fair. Strict proof of all allegations is demanded.

j.      Denied and, to the contrary, State Farm performed a prompt and fair investigation of the loss and strict proof of all allegations to the contrary is demanded.

k.      Denied and, to the contrary, State Farm relied on the clear terms of the policy in the investigation and adjustment of the claim. All allegations to the contrary are denied and deemed at issue.

l.      Denied and it is averred, to the contrary, that State Farm did not misrepresent any facts or policy provisions at any time during the investigation and handling of this claim.

m.      Denied. State Farm regularly communicated with the plaintiff and its representatives regarding the status and activities related to the claim. All allegations to the contrary are denied and deemed at issue.

n.      Denied in that State Farm has reasonably adjusted the claim, and that adjustment is ongoing. Strict proof of all allegations is demanded.

o.      Denied. State Farm regularly communicated with the plaintiff and its representatives regarding the status and activities related to the claim. Further, the claim has not been denied. Strict proof of all allegations is demanded.

p. Denied in that State Farm has reasonably adjusted the claim, and that adjustment is ongoing. Strict proof of all allegations is demanded.

q. Denied and, to the contrary, State Farm performed a prompt, thorough, fair and reasonable investigation into the claim. State Farm's actions were grounded in fact and were objective and fair. Strict proof of all allegations is demanded;

r. Denied and to the contrary, defendant did not cause plaintiff to initiate this lawsuit. Further, State Farm performed a prompt, thorough, fair and reasonable investigation into the claim. State Farm's actions were grounded in fact and were objective and fair. Strict proof of all allegations is demanded.

16. Denied. On the contrary, at all times relevant hereto, State Farm acted in a reasonable, non-frivolous and good faith manner in its evaluation, investigation and handling of the plaintiff's claim. It is specifically denied that defendant acted in bad faith in the handling of plaintiff's claim and strict proof of allegations to the contrary is demanded.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, asks that judgment be entered in its favor and against Plaintiff on Count II of the complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, or limited, by the applicable statute of limitations, including the suit limitation set forth in the applicable insurance policy.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff' claims may be barred by the doctrines of laches, estoppel, accord and satisfaction, consent, fair comment, payment and/or waiver.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, because there have been no compensable losses, occurrences, damages or expenditures.

**FOURTH AFFIRMATIVE DEFENSE**

Some or all of the damages claimed by plaintiff are not reasonable and necessary but are instead excessive and unreasonable.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff may have breached the applicable insurance policy and, accordingly, State Farm has no duty under the policy.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part by concealment and/or material misrepresentation of the plaintiff and/or plaintiff's agents, representatives, contractors and/or workmen as to inter alia how the damages occurred and the specific items of damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is subject to all of the terms, conditions, limitations, exclusions, etc. in the policy of insurance at issue in the case.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant State Farm's liability is based on the policy of insurance, which is the contract between the parties, and application of a legal rule so as to broaden defendant State Farm's liability would be a taking of property without due process of law.

**NINTH AFFIRMATIVE DEFENSE**

Count II of Plaintiff's complaint fails to state a claim or cause of action for which relief may be granted.

**TENTH AFFIRMATIVE DEFENSE**

Defendant State Farm's liability is based on the policy of insurance, which is the contract between the parties, and application of a legal rule so as to broaden State Farm's liability would be an unconstitutional impairment of that insurance contract.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant State Farm's liability is based on the policy of insurance, which is the contract between the parties, and application of a legal rule so as to broaden State Farm's liability is barred as a matter of equity.

**TWELVETH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the terms, conditions, exclusions, exceptions, limitations, and/or limits of liability of the policy under which claim has been made.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to allege any conduct sufficient to permit the imposition of punitive damages under the applicable law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

All of the conduct on the part of State Farm with respect to plaintiff's claim and evaluation thereof was predicated on reasonable and non-frivolous grounds, thus precluding a finding of bad faith.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent that it is judicially determined that any coverage is owing:

a) Loss settlement is controlled by the applicable provisions of the policy including policy limits;

b) Defendant State Farm in no event is obliged to pay more than set forth in the policy and the limits of coverage;

c) Defendant State Farm reserves all other rights as set forth in the policy.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in Defendant, State Farm Fire and Casualty Company's favor and that State Farm Fire and Casualty Company be awarded costs and such other and further relief as may be available and as the court deems appropriate and just.

**BENNETT, BRICKLIN & SALTZBURG LLC**

**BY:** ***/s/ Pamela A. Carlos***

**PAMELA A. CARLOS, ESQUIRE**
**I.D. No. 56396**
**1601 Market Street, 16th Floor**
**Philadelphia, PA 19103**
**(215) 561-4300**
**carlos@bbs-law.com**
**Attorney for Defendant**

Date: June 3, 2019

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DYNASTY VENTURES LLC | : | |
| | : | |
| vs. | : | Civil Action No.: 2:19-cv-01826 |
| | : | |
| STATE FARM FIRE AND | : | |
| CASUALTY COMPANY | : | JURY TRIAL OF 12 DEMANDED |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses was forwarded to the following counsel of record via the electronic filing system of the United States District Court for the Eastern District of Pennsylvania and/or electronic and/or regular mail, postage pre-paid as follows:

Mario Barnabei, Esquire
Wheeler, DiUlio & Barnabei, P.C.
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: ***/s/ Pamela A. Carlos***
**PAMELA A. CARLOS, ESQUIRE**
**I.D. No. 56396**
**1601 Market Street, 16th Floor**
**Philadelphia, PA 19103**
**(215) 561-4300**
**carlos@bbs-law.com**
**Attorney for Defendant**

Date: JUNE 3, 2019

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
MARCH 2019 003628
E-Filing Number: 1903062594

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DYNASTY VENTURES, LLC | STATE FARM FIRE AND CASUALTY COMPANY |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 1680 PHEASANT LANE<br>NORRISTOWN PA 19403 | ONE STATE FARM PLAZA<br>BLOOMINGTON IL 61710 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 1

COMMENCEMENT OF ACTION
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [X] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [ ] Jury
- [X] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
10 - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
MAR 27 2019
M. BRYANT

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DYNASTY VENTURES, LLC

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | | ADDRESS |
|---|---|---|
| MARIO L. BARNABEI | | LAW OFFICE OF JONATHAN WHEELER<br>1617 JFK BLVD<br>SUITE 1270<br>PHILADELPHIA PA 19103 |
| **PHONE NUMBER** | **FAX NUMBER** | |
| (215)568-2900 | none entered | |
| **SUPREME COURT IDENTIFICATION NO.** | | **E-MAIL ADDRESS** |
| 317791 | | mbarnabei@jwheelerlaw.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** | | **DATE SUBMITTED** |
| *MARIO BARNABEI* | | Wednesday, March 27, 2019, 03:01 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

THIS IS NOT AN ARBITRATION CASE.
JURY TRIAL WAIVED.

Filed and Attested by the
Office of Judicial Records
27 MAR 2019 03:01 pm
M. BRYANT

**WHEELER, DiULIO & BARNABEI, P.C.**
BY: Mario Barnabei, Esquire
Attorney I.D. No.: 317791
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
Phone: (215) 568-2900
Email: mbarnabei@wdblegal.com

Attorney for Plaintiff(s)

| | |
|---|---|
| Dynasty Ventures, LLC<br>1680 Pheasant Lane<br>Norristown, PA 19403<br><br>vs.<br><br>State Farm Fire and Casualty Company<br>One State Farm Plaza<br>Bloomington, IL 61710 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MARCH TERM, 2019<br><br>DOCKET NO. |

## CIVIL ACTION COMPLAINT (1C - Contract)

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the Claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral Service
1101 Market St., 11th Floor
Philadelphia, PA 19107-2911
Telephone: 215-238-6333
Fax: 215-238-1159

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6333

**THIS IS NOT AN ARBITRATION CASE.**
**JURY TRIAL WAIVED.**

**WHEELER, DiULIO & BARNABEI, P.C.**
BY: Mario Barnabei, Esquire
Attorney I.D. No.: 317791
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
Phone: (215) 568-2900
Email: mbarnabei@wdblegal.com

Attorney for Plaintiff(s)

| | |
|---|---|
| Dynasty Ventures, LLC<br>1680 Pheasant Lane<br>Norristown, PA 19403 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | MARCH TERM, 2019 |
| State Farm Fire and Casualty Company<br>One State Farm Plaza<br>Bloomington, IL 61710 | DOCKET NO. |

**CIVIL ACTION COMPLAINT (1C - Contract)**

1. Plaintiff, Dynasty Ventures, LLC is a corporate entity duly organized and existing under the laws of the Commonwealth of Pennsylvania which maintains its principal place of business at the address set forth above.

2. Defendant, State Farm Fire and Casualty Company, is a corporation duly organized and existing which is authorized to conduct business as an insurance company within the Commonwealth of Pennsylvania and maintains a place of business for that purpose at the address set forth above and regularly issues policies of insurance within the City and County of Philadelphia.

3. Defendant, in its regular course of business issued to Plaintiff a policy of insurance ("the Policy") covering Plaintiff's property located at 939 West 9th St., Chester, PA, 19013 ("the Property"). A copy of the Policy is not in Plaintiff's possession, but a copy of same is believed to be in defendant's care, custody and control.

4. On or about March 28, 2018, while the Policy was in full force and effect, Plaintiff suffered direct physical loss and damage to the insured Property believed to be the result of a peril insured against under the Policy, resulting in damage to the insured premises.

5. Notice of this covered loss was given to Defendant in a prompt and timely manner and Plaintiff, at all relevant times, fully complied with all of the terms and conditions required by the Policy.

6. Defendant, despite demand for benefits under the Policy, has refused, without legal justification or cause, and continues to refuse, to pay to Plaintiff monies owed for the damages suffered as a result of the Loss.

7. Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the Policy, Plaintiff has suffered loss and damage in an amount in excess of $50,000.00.

**COUNT I**
**In Assumpsit - Breach of Contract**

8. Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

9. Defendant is obligated by the terms of the contract to indemnify Plaintiff's loss.

10. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's Loss, Defendant has not paid to Plaintiff all of the policy benefits to which they are entitled under the Policy.

11. Defendant's denial of coverage was made without a reasonable basis in fact.

12. Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $50,000.00, together with interest and court costs.

**COUNT II**
**In Trespass - 42 Pa.C.S.A. §8371**

13. Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

14. Defendant has engaged in bad faith conduct toward Plaintiff with respect to its adjustment of Plaintiff's covered Loss, in violation of 42 Pa.C.S.A. §8371 et seq.

15. In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered Loss, Defendant, acting by and through its duly authorized agents, servants, workmen or employees has engaged in the following conduct:

a. in purposefully and unreasonably delaying the adjustment of Plaintiff's claim and in participating in the misrepresentation as to the cause of loss and the cost to repair Plaintiff's damaged Property;

b. in repeatedly ignoring Plaintiff's requests for a coverage decision which was aimed at avoiding litigation, but instead, by doing so, forcing Plaintiff to initiate a legal proceeding;

c. in purposefully withholding benefits due and owing under the policy, without any reasonable basis;

d. in purposefully evading of the spirit of the bargain, exhibiting a lack of diligence and completely slacking off with respect to the investigation and adjustment of Plaintiff's claim;

e.     in failing to complete a prompt and thorough, good faith investigation of Plaintiff's claim, and specifically taking over one (1) year from the date of loss to investigate Plaintiff's claim and, even then, refusing to issue a coverage decision;

f.     in failing to pay Plaintiff's covered loss in a prompt and timely manner;

g.     in acting in a dilatory manner and without proper diligence in investigating Plaintiff's claim;

h.     in frivolously and baselessly refusing to pay the proceeds of the policy due and owing to Plaintiff;

i.     in failing to objectively and fairly evaluate Plaintiff's claim;

j.     in conducting an unfair and unreasonable investigation of Plaintiff's claim;

k.     in asserting potential Policy defenses without a reasonable basis in fact;

l.     in flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms;

m.     in failing to properly communicate with the Plaintiff regarding the status of their claim and failing to keep Plaintiff or their representatives fairly and adequately advised as to the status of the claim in violation of the Pennsylvania Unfair Claims Practices Act;

n.     in unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives;

o.     in failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim;

p.     in unreasonably withholding policy benefits;

q. in acting unreasonably and unfairly in response to Plaintiff's claim;

r. in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation.

16. For the reasons set forth above, Defendant has acted in bad faith in violation of 42 Pa.C.S.A. §8371, for which Defendant is liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages, and such other compensatory and/or consequential damages as are permitted by law.

**WHEREFORE,** Plaintiff demands judgment against Defendant in an amount in excess of $50,000.00, together with interest, court costs, counsel fees and damages for delay.

WHEELER, DiULIO & BARNABEI, P.C.

BY: *<u>/s/ Mario Barnabei</u>*
Mario Barnabei, ESQUIRE
Attorney for Plaintiff(s)

Date: March 27, 2019

# VERIFICATION

The undersigned hereby states that he is the plaintiff in this action and that the statements of fact made in the foregoing document are true and correct to the best of his information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn falsification to authorities.

SHANE GOFF
DYNASTY VENTURES, LLC

DATE: 3-20-19

WHEELER
DIULIO &
BARNABEI
THE PROPERTY DAMAGE ATTORNEYS

1617 JFK Boulevard, Suite 1270
Philadelphia, Pennsylvania 19103

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®
7017 0660 0000 1410 9275

UNITED STATES POSTAGE
PITNEY BOWES
$ 006.95⁰
02 1P
0000920972 MAR 29 2019
MAILED FROM ZIP CODE 19103

State Farm Fire and Casualty Company
One State Farm Plaza
Bloomington IL 61710

Rec'd in Law Dept.
APR 01 2019
Litigation Section B-3

61710$0001 C000



41000007601ST00

**CORP HDQ B-3 00915**

NETTLEINGHAM,VICKI
Alias : HQXH
Dept# : 10080383330
Dept : LAW DEPARTMENT - CORPORATE LAW
Phone : 3097667989

Pallet #: 41LEGAL040119040119

Carrier: #: USPS
**Tracking #:** 70170660000014109275
**Reference #:**

---ALERT INFORMATION---

Alert #:
Instructions:

---ADDITIONAL INFORMATION---

4/1/2019

# EXHIBIT “B”

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

May 17, 2018

Dynasty Ventures LLC
1680 Pheasant Ln
Norristown PA 19403-3332

**State Farm Claims**
PO Box 52258
Phoenix AZ 85072-2258

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED & REGULAR MAIL**

RE: Claim Number: 38-3491-H66
Date of Loss: March 28, 2018
Policy Number: 98C9L4787
Insured: Dynasty Ventures Llc

Dear Shane Goff DBA Dynasty Ventures LLC:

There is a question as to whether State Farm Fire and Casualty Company is obligated to indemnify you under the policy for loss which is alleged to have occurred on or about March 28, 2018, at 939 W 9th St Chester PA 19013 , because:

There is a question whether you have suffered an accidental direct physical loss that is covered by this policy.

There is a question whether you or any insured have concealed or misrepresented any material information in the process of a claim.

Please be advised of the policy Conditions which state:

8. Suit Against Us. No action shall be brought unless there has been copmliance with the policy provisions and the action is started within one year after the date of loss or damage.

For these reason(s) and for other reasons which may become known, you are hereby notified that any action taken by State Farm Fire and Casualty Company or its authorized representatives to investigate the cause of loss, determine the amount of loss or damage, or attempt to adjust any claim arising out of the alleged loss shall not waive any of the terms or conditions of the policy of insurance described above, nor shall such action waive any of your rights under the policy. If we do not hear from you to the contrary, we will assume that it is acceptable for us to continue handling the case on these terms.

The Company does not intend, by this letter, to waive any policy defense in addition to those stated above, but specifically reserves its right to assert such additional policy defenses at any time.

Sincerely,

Andrea Fury
Claim Specialist
(800) 331-1169 Ext. 2534287493
Fax: (844) 236-3646

State Farm Fire and Casualty Company